IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KINGS KOMOLAFE | § | |
| v. | § | CIVIL ACTION NO. 6:04cv132 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Kings Komolafe, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Komolafe was convicted of the murder of his wife Shigeta on February 14, 1991. Komolafe's petition relied on newly discovered evidence, in the form of an affidavit from one trial witness recanting his testimony as well as evidence from a handwriting expert that the handwriting on some greeting cards did not belong to Komolafe.  He argued that he was actually innocent and that the prosecutor used perjured testimony to secure his conviction, and that he received ineffective assistance of counsel.

The Magistrate Judge reviewed the evidence in considerable detail, including the trial testimony, the state court records, and the evidence proffered by Komolafe.  On July 8. 2005, the Magistrate Judge issued a Report recommending that the petition be denied.  Komolafe filed objections to this Report on July 28, 2005, and supplemental objections on August 10, 2005, and the Respondent filed objections on July 22, 2005.

1

In his objections, Komolafe complains that the Magistrate Judge did not conduct an evidentiary hearing, failed to properly consider the evidence of the handwriting on the greeting cards, and erred in determining that certain of his claims were procedurally barred because they had been dismissed as successive when presented to the state habeas court.  Komolafe also argues that the state court's findings were wrong and thus not entitled to a presumption of correctness and that the Magistrate Judge erred in determining that the recanting affidavit was not credible.

Komolafe further contends that the Magistrate Judge failed to consider his claim of actual innocence in light of all of the evidence which he presented, and also erred in failing to uphold Komolafe's perjury claim in light of this evidence which he presented.  He argues that the Magistrate Judge applied the wrong legal standard in analyzing his Brady claim and that his ineffectiveness claim is not barred. Finally, he again argues that he is actually innocent.

In his supplemental objections, Komolafe asserts that the Magistrate Judge "argued on behalf of the Respondent" with respect to the Brady claim, saying that the Respondent "did not dispute the Brady claim;" instead, he says, the Court should have assumed that his claim was true.

Komolafe's objections are without merit.  He has not shown what an evidentiary hearing would accomplish, even if the recanting affiant Eddie Smallwood appeared in person and testified to the same matters set out in his affidavit; this version of events is already before the Court, and need not be repeated.  The Magistrate Judge extensively discussed the evidence of the handwriting on the cards.  More pertinently, the Magistrate Judge concluded that this evidence was procedurally barred, inasmuch as it was presented in the state courts through a habeas corpus application which was dismissed as successive.  Komolafe did not show that he met an exception to this rule, and so the Magistrate Judge's conclusion was correct.  *See* Beazley v. Johnson, 242 F.3d 2248, 264 (5th Cir. 2001).

Komolafe's contention that the state court's findings were wrong and thus are not entitled to a presumption of correctness is circular in its reasoning.  The Magistrate Judge carefully reviewed Smallwood's affidavit and did not err in ascertaining that this affidavit was not credible, particularly

2

in light of the clear Fifth Circuit precedent that "recanting affidavits and witnesses are viewed with extreme suspicion." Spence v. Johnson, 80 F.3d 989, 1003 (5th Cir. 1996). Actual innocence, standing alone, is not a basis for habeas corpus relief. Dowthitt v. Johnson, 230 F.3d 733, 742 (5th Cir. 2000) (stating that an actual innocence claim predicated on newly discovered evidence has never been held to state a ground for federal relief absent an independent constitutional violation occurring in the underlying state criminal proceeding); Townsend v. Sain, 83 S.Ct. 745, 759 (1963). Komolafe failed to set out a valid claim with regard to his allegations of perjury or Brady violations, and the Magistrate Judge correctly concluded that Komolafe's ineffectiveness claim is barred. Komolafe's supplemental objections are equally meritless.

The Respondent's objections assert that the Magistrate Judge erred in concluding that the claims surrounding Smallwood's affidavit are not barred by limitations. The Magistrate discussed this issue extensively and determined that the factual predicate of these claims did not exist until the date of the affidavit; the Respondent argues that once Komolafe's brother knew of Smallwood's location, he could have somehow learned of Smallwood's recantation at that time. This contention is without merit.

The Respondent also objects on the basis that the Report does not explicitly address whether Jackie's supplemental affidavit, Baggett's affidavit (the handwriting expert), and the records relating to the handwriting analysis are unexhausted or procedurally defaulted. In fact, the Report says that the claim regarding the handwriting on the cards is successive and that Jackie's second affidavit does not satisfy the successive-petition rule. The Report then goes on to say that the only claims which satisfy the successive-petition rule are those which revolve around Smallwood's affidavit.

The Report intimates that Komolafe's claims regarding Jackie's supplemental affidavit, Baggett's affidavit, and the records relating to the handwriting analysis are barred as procedurally defaulted, but does not make this as clear as it might have. While the Magistrate Judge did not err, for purposes of clarity, the Court will sustain this objection and make this point clear.

3

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the objections of the parties thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections and supplemental objections are without merit.  The Court has further concluded that the Respondent's objections concerning the Magistrate Judge's conclusion regarding the limitations issue insofar as it pertains to Smallwood's affidavit are without merit.

The Court has concluded that the Respondent's objections concerning the procedural default of Komolafe's claims regarding Jackie's supplemental affidavit, Baggett's affidavit, and the records relating to the handwriting analysis are meritorious insofar as they point out that the Report was not entirely clear on this issue.  It is accordingly

ORDERED that the Petitioner's objections and supplemental objections, as well as the Respondent's objections concerning the statute of limitations issue, are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that this Report is CLARIFIED to make clear that  Komolafe's claims regarding Jackie's supplemental affidavit, Baggett's affidavit, and the records relating to the handwriting analysis have been procedurally defaulted, as well as being without merit for the reasons accurately stated by the Magistrate Judge.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 19th day of August, 2005.**

WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE